FAIRCLOTH *v.* STUBBS & TISON.

1. There is no provision of law for ascertaining by jury trial whether an auditor's report of the evidence before him is deficient or incomplete by reasons of alleged omissions of some of the evidence actually submitted and heard. Therefore the presiding judge, in cases not governed by the practice in equity, is left to the exercise of his own discretion as to what means he will adopt in solv-

ing and settling such a question where it is raised by exceptions to the auditor's report.

2. Under the evidence submitted to the judge in this case, his finding against the exceptions was not so manifestly unwarranted as to justify a reversal of the same by a reviewing court.

July 16, 1894.

Exceptions to auditor's report.    Before Judge GAMBLE.    Emanuel superior court.    October term, 1893.

HINES & FELDER, H. R. DANIEL, F. H. SAFFOLD and EVANS & EVANS, for plaintiff in error.

WILLIAMS & SMITH, by brief, *contra.*

SIMMONS, Justice.

1. A mortgage given by Faircloth to Stubbs & Tison was sought to be foreclosed for an alleged balance due. Faircloth defended on the ground that the notes secured by the mortgage were not given for an actual indebtedness, but as collateral to an account for present indebtedness and further advances; and that overcharges were made in the account for which the notes were given, etc. The cause was referred to an auditor, who made a report thereon, and to this report the defendant filed exceptions. One of the exceptions was, that the auditor had omitted to report certain portions of the testimony, which were set out in the exceptions; and the defendant moved to re-refer the case, that the auditor might inquire into the evidence alleged to have been omitted and report the same, or if the court should refuse to do this, that the question be submitted to the jury as to whether such testimony was introduced before the auditor or not. The court refused to re-refer the case to the auditor, or to submit this question to the jury, but heard evidence himself as to whether the testimony alleged to have been omitted had been introduced before the auditor; and after hearing the evidence upon this point, ordered that the exception relating to the alleged omission of testimony be dismissed, upon the

ground that it had not been made to appear satisfactorily that the testimony alleged to have been omitted had really been submitted to the auditor. The defendant assigns error upon these rulings.

There is no provision of law for ascertaining by jury trial whether the auditor's report of the evidence before him is deficient or incomplete by reason of alleged omissions of some of the evidence submitted and heard. In equity cases, where exception is taken to the report of a master as deficient in this respect, the law contemplates that the presiding judge shall pass upon the question himself. Code, §3097(c). This, however, is a case at law, and the law is silent as to the means to be adopted in such cases for solving and settling a question of this kind. The judge is therefore left to his own discretion in the matter, and in this case did not err in the mode of procedure adopted.

2. Under the evidence submitted to the judge, his finding against the exceptions was not so manifestly unwarranted as to justify a reversal of the same by this court.          *Judgment affirmed.*